## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| IN RE: COMPLAINT OF ADRIAN AVENA AS OWNER AND | : | IN ADMIRALTY |
| AA COMMERCIAL, LLC AS OWNER PRO HAC VICE OF THE | : | |
| FISHING VESSEL CONCH'RD FOR EXONERATION FROM OR | : | NO. 1:21-cv-00515 |
| LIMITATION OF LIABILITY | : | |

-------------------------------------------------------------------------

|  | |
|---|---|
| KIMBERLY WOLFE, AS PERSONAL REPRESENTATIVE OF | : |
| THE ESTATE OF AARON GREENBERG, AND ON BEHALF OF | : |
| KG, OVER WHOM KIMBERLY WOLFE IS THE APPOINTED | : |
| CO-GUARDIAN, AND WHO IS THE SURVIVING MINOR | : |
| CHILD OF THE DECEDENT, AARON GREENBERG | : |
|  | : |
| *Third-Party Plaintiff* | : |
| -V- | : |
|  | : |
| DANIEL J. AVENA and THE UNITED STATES OF AMERICA | : |
|  | : |
| *Third-Party Defendants* | : |


### PLAINTIFFS' ANSWER TO CLAIMS IN LIMITATION

Plaintiffs, ADRIAN AVENA and AA COMMERCIAL, LLC, by and through its attorneys, Reeves McEwing, LLP, hereby answer the Claims of Kimberly Wolfe as follows:

27.  Plaintiffs hereby incorporate by reference paragraphs 1-22 of the Limitation Complaint as if set forth fully herein.

28. Denied. The allegations contained in this paragraph are conclusions of law to which no answer is required. By way of further answer, these claims are governed by the Limitation of Liability Act, 46 U.S.C. 30501.  The remaining allegations are denied and strict proof thereof is demanded at trial.

29. Denied. The allegations contained in this paragraph are conclusions of law to which no answer is required. It is specifically denied that Claimant is entitled to a trial by jury.

## THE PARTIES AND BRIEF STATEMENT OF FACTS

30. Denied.  Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore same are denied and strict proof thereof is demanded at trial. The remaining allegations contained in this paragraph are conclusions of law to which no answer is required. To the extent that an answer is deemed to be required, the allegations are denied and strict proof thereof is demanded at trial.

31. Denied as stated. It is admitted only that Aaron Greenberg was onboard the F/V CONCH'RD ("Vessel"), and that Adrian Avena was the titled owner of the Vessel on December 3, 2020. All remaining allegations are denied and strict proof thereof is demanded at trial.

32. Denied as stated. It is admitted only that AA COMERCIAL, LLC is the owner *pro hac vice* of the Vessel. All remaining allegations are denied and strict proof thereof is demanded at trial.

33. Admitted.

34. Denied as stated.  It is admitted only that Adrian Avena was the titled owner of the Vessel December 3, 2020.

35. Admitted.

36. Denied as stated. It is admitted only that Adrian Avena was the sole member of AA Commercial.  It is specifically denied that AA Commercial was the owner of the Vessel, and averred to the contrary that AAA Commercial was the owner *pro hac vice* of the Vessel.  All remaining allegations are denied, and strict proof thereof is demanded at trial.

2

37. Denied as stated.  It is admitted only that on December 3, 2020, Adrian Avena was the Captain of the Vessel, and that AA Commercial was the Vessel's owner pro hac vice.  All remaining allegations are denied, and strict proof thereof is demanded at trial.

38. Denied as stated. It is only admitted that the Vessel was engaged in the conch fishery off the coast of southern New Jersey.  All remaining allegations are denied and strict proof thereof is demanded at trial.

39. Denied as stated. It is admitted only that the vessel was partially submerged on December 3, 2020, with its bow section still afloat.

40. Admitted.

41. Denied as stated. It is admitted that the vessel sailed from Cape May, New Jersey on the morning of December 3, 2020.

42. Denied. The allegations contained in this paragraph are conclusions of law to which no answer is required. To the extent that an answer is deemed to be required, the allegations are denied and strict proof thereof is demanded at trial. It is specifically denied that the Vessel was not fit for its intended purpose, in ill repair, unsafe, unseaworthy or in poor maintenance.

43. Denied. The allegations contained in this paragraph are conclusions of law to which no answer is required. To the extent that an answer is deemed to be required, the allegations are denied and strict proof thereof is demanded at trial. It is specifically denied that the Vessel was in ill repair, unsafe, unseaworthy or unfit for the intended voyage.

44. Denied. The allegations contained in this paragraph are conclusions of law to which no answer is required. To the extent that an answer is deemed to be required, the allegations are

denied and strict proof thereof is demanded at trial. It is specifically denied that the Vessel was unseaworthy or that Plaintiffs were reckless, careless, or negligent in any manner.

45. Denied. The allegations contained in this paragraph are conclusions of law to which no answer is required. To the extent that an answer is deemed to be required, the allegations are denied and strict proof thereof is demanded at trial. It is specifically denied that Plaintiffs were callous, reckless, careless, or negligent in any manner. It is further specifically denied that the Vessel was not fit for its intended purpose, in ill repair, unsafe, or unseaworthy, sank on December 3, 2020 or that Claimant's decedent perished as a result of any of the allegations contained in this paragraph.

## FIRST CAUSE OF ACTION: JONES ACT AND UNSEAWORTHINESS

46. Plaintiffs hereby incorporates by reference its answers to Paragraphs 27 through 45 as if fully set forth herein at length.

47. Denied. It is specifically denied that Plaintiffs were negligent or that the Vessel was unseaworthy in any manner. It is further averred that the death of Aaron Greenberg was caused by his own actions and refusal to obey the Captain's instructions.  All remaining allegations are denied, and strict proof thereof is demanded at trial.

48. Denied. The allegations contained in this paragraph are conclusions of law to which no answer is required. To the extent that an answer is deemed to be required, the allegations are denied and strict proof thereof is demanded at trial.

49. Denied. The allegations contained in this paragraph are conclusions of law to which no answer is required. To the extent that an answer is deemed to be required, the allegations are

4

denied and strict proof thereof is demanded at trial. It is specifically denied that the Vessel was unsafe or unseaworthy in any manner.

50.  Denied.  Plaintiffs are without knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph, and therefore same are denied and strict proof thereof is demanded at trial. It is specifically denied that Claimant's decedent is owed any wages or benefits.

51. Denied. The allegations contained in this paragraph are conclusions of law to which no answer is required. To the extent that an answer is deemed to be required, the allegations are denied and strict proof thereof is demanded at trial.

52. Admitted.

53. Denied. The allegations contained in this paragraph are conclusions of law to which no answer is required. To the extent that an answer is deemed to be required, the allegations are denied and strict proof thereof is demanded at trial.

54. Denied. The allegations contained in this paragraph are conclusions of law to which no answer is required. To the extent that an answer is deemed to be required, the allegations are denied and strict proof thereof is demanded at trial.

55. Denied. The allegations contained in this paragraph are conclusions of law to which no answer is required. To the extent that an answer is deemed to be required, the allegations are denied and strict proof thereof is demanded at trial. It is specifically denied that Claimant is entitled to a jury trial.

WHEREFORE, Plaintiffs, ADRIAN AVENA and AA COMMERCIAL, LLC, by and through its attorneys, Reeves McEwing, LLP, demand judgment in their favor and against Claimant

Kimberly Wolfe, together with attorney's fees, costs and such other and further relief as may be appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

1.      Claimant fails to state a claim for which relief may be granted.

2.      It is specifically denied that Plaintiffs were negligent or that the Vessel was not fit for its intended purpose, in ill repair, unsafe, unseaworthy or in poor maintenance.

3.      Any damages sustained by Claimant were the result of an unavoidable accident, act of nature, act of God, or peril of sea.

4.      Aaron Greenberg's death was not caused in whole or in party by any negligence of Plaintiffs or unseaworthiness of the Vessel.

5.      Aaron Greenberg's death was caused by his own actions, and failure to follow the emergency instructions of the Captain.

6.      Aaron Greenberg's death was caused by the negligence of the U.S. Coast Guard and/or other third parties for whom Plaintiffs are not responsible.

7.      The Claimant's claims are barred or must be reduced to the extent the alleged damages were caused by a superseding or intervening cause.

8.      Any injuries, illnesses or damages suffered by Claimant were sustained solely by reason of his own negligence or comparative negligence, or the negligence of other defendants.

9.      Any recovery against Plaintiffs must be reduced according to the doctrine of comparative negligence.

10.      Plaintiff claims all of the defenses available to it under state or federal law, including under general maritime law.

11.     Plaintiff asserts its statutory right to exoneration from or limitation of liability

pursuant to 46 U.S.C. 30501 et seq., commonly known as the Limitation of Liability Act.

12.     Plaintiff reserves its right to amend and supplement its defenses upon

completion of discovery.

13.     Claimant is not entitled to a jury trial in this matter.

WHEREFORE, Plaintiffs, ADRIAN AVENA and AA COMMERCIAL, LLC, by and through its

attorneys, Reeves McEwing, LLP, demand judgment in their favor and against Claimant

Kimberly Wolfe, together with attorney's fees, costs and such other and further relief as may be

appropriate under the circumstances.

**PLAINTIFFS' CROSS-CLAIM AGAINST THIRD PARTY DEFENDANT,
UNITED STATES COAST GUARD**

Adrian Avena and AA Commercial, LLC, by and through its attorneys, Reeves McEwing

LLP, hereby brings the following Cross-Claim against United States Coast Guard ("Coast Guard")

and in support thereof avers as follows:

1.   Plaintiffs hereby incorporate by reference the allegations contained in their Limitation

Complaint and Answer to Claims and affirmative defenses as if set forth fully herein.

2.   Plaintiffs also incorporate by reference, without admitting same, the allegations

contained in Claimant's Third-Party Complaint against the Coast Guard.

3.   The Coast Guard was made aware of the capsizing of the Vessel almost immediately, by

both the EPIRB and Adrian Avena's father, Daniel J. Avena.

4.   The death of Aaron Greenberg was caused, in whole or in part, by the negligence,

malfeasance, miscommunication and/or other breaches of duty by the Coast Guard in

7

connection with its response to the EPIRB and phone calls by Daniel J. Avena regarding the Vessel and the imminent danger to those onboard.

5.   If it is determined that Plaintiffs are liable to Claimant, which liability is specifically denied, the Coast Guard is alone liable, liable over and/or jointly or severally liable with Plaintiffs for these Claims.

6.   Therefore, Plaintiffs seek indemnity or contribution from the Coast Guard with respect to any judgment against them together with attorney's fees, costs and such other and further relief as may be appropriate under the circumstances.

WHEREFORE, Plaintiffs, ADRIAN AVENA and AA COMMERCIAL, LLC, by and through its attorneys, Reeves McEwing, LLP, demand judgment in their favor and against Claimant Kimberly Wolfe and/or United States Coast Guard, together with attorney's fees, costs and such other and further relief as may be appropriate under the circumstances.

REEVES McEWING, LLP


*/s/ Brian McEwing, Esquire*
BRIAN MCEWING, ESQUIRE
Attorney ID #1161-2008
10 Andrews Lane, PO Box 599
Dorchester, NJ  08316
Tele: #609-846-4717
Attorney for Plaintiffs
mcewing@lawofsea.com


Date: 11/29/2021

8