# EXHIBIT A

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

IN RE: COMPLAINT OF ADRIAN AVENA AS OWNER : IN ADMIRALTY
AND AA COMMERCIAL, LLC AS OWNER PRO HAC :
VICE OF THE FISHING VESSEL CONCH'RD, FOR : NO.
EXONERATION FROM OR LIMITATION OF LIABILITY :

### COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Plaintiffs, Adrian Avena and AA Commercial, LLC, titled owner and owner *pro hac vice*, respectively, by and through their attorneys, Reeves McEwing LLP, hereby bring this Complaint seeking exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501 *et sec.* (formerly 46 U.S.C. § 181 *et sec.*), and in support thereof aver as follows:

1. This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims.

2. Venue is proper in this District in accordance with Supplemental Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims, as claims have been filed in this District against the F/V CONCH'RD and Plaintiff Adrian Avena in the matter captioned *Estate of Aaron Greenberg, et al. v. Adrian Avena Fishing, LLC, et al.*, No. 1:20-cv-19724.

3. At all times material hereto, the F/V CONCH'RD was a commercial fishing vessel, engaged in the conch fishery off the coast of New Jersey.

4. Plaintiff Adrian Avena is a citizen of New Jersey, and at all times material hereto was the title owner of the F/V CONCH'RD ("the Vessel").

5. Plaintiff AA Commercial, LLC is a New Jersey limited liability company with a principal place of business in New Jersey, and at all times material hereto, was the operator and owner *pro hac vice* of the Vessel. AA Commercial, LLC managed the Vessel, employed her crew, and provided fuel, bait, and supplies to, and procured all necessary services for, the Vessel, including maintenance and repairs, all at its own expense.

6. Plaintiff AA Commercial, LLC manned, victualed and navigated the Vessel, and is therefore an owner *pro hac vice*, within the meaning of the Limitation of Liability Act, 46 U.S.C. § 30501 *et sec.*

7. On or about December 3, 2020, the F/V CONCH'RD, departed Cape May, New Jersey to fish for conch in a location more than 3 nautical miles from shore.

8. On this same date, the F/V CONCH'RD partially sank before returning to shore ("the Casualty").

9. The Vessel's status is currently unknown, except it is at sea, and only her life raft has been recovered.

10. The life raft is currently in the custody of the U.S. Coast Guard at Station Cape May, NJ.

11. The fair market value of the life raft at the time of the sinking did not exceed $1,680.00. *See* Exhibit A.

12. At all times material hereto, Plaintiffs used due diligence to make the Vessel seaworthy in all respects. Prior to the commencement of the voyage, the Vessel was tight, staunch, strong, properly manned, equipped and supplied, and in all respects seaworthy for the voyage and service in which she was engaged.

13. The Casualty was not occasioned by, and occurred without, the privity or knowledge of the Plaintiffs.

14. The Vessel's captain was rescued thereafter, however crewmember Aaron Greenberg is missing and presumed dead.

15. Plaintiffs anticipate that as a result of the presumption of death of Aaron Greenberg, claims will be made against them by Mr. Greenburg's family or his estate in an amount which far exceeds the value of Plaintiffs' interest in the Vessel at the close of the voyage, to wit the value of the life raft.

16. There is no pending freight or catch for the voyage in question.

17. Upon information and belief, there are no known liens against the Vessel arising during the relevant voyage, nor any claims or demands which are paramount to those which may arise by reason of the partial sinking.

18. Plaintiffs are now ready, willing and able, and hereby offer to give a stipulation or bond with sufficient surety for the value of Plaintiffs' interest in the life raft, as required, at the conclusion of the voyage in which the anticipated claims arose, with interest thereon, and security for costs pursuant to Supplemental Admiralty Rule F(1).

19. This Complaint is filed within six (6) months of the voyage in question and date on which the anticipated claims arose during the relevant voyage.

20. Plaintiffs, as owner and owner *pro hac vice* of the F/V CONCH'RD, claim exoneration from liability for any and losses, damages, injuries or wrongful death caused, done, occasioned, or incurred arising out of the voyage or during the relevant voyage, and for any and all claims therefor.

21.   If, however, it is found that Plaintiffs are liable for any such damages, which is specifically denied, Plaintiffs alternatively claim the benefit of limitation of liability, as provided by the Limitation of Liability Act, 46 U.S.C. § 30501 *et sec.*

22.   The aforesaid allegations are true and correct, and are brought within the admiralty and maritime jurisdiction of this honorable Court.

WHEREFORE, Adrian Avena and AA Commercial, LLC pray that:

1.   The Court issue a Notice to all person(s) asserting claims with respect to which the Complaint seeks exoneration or limitation directing them to file their respective claims with the Clerk of the Court and to serve on the attorneys for Plaintiffs a copy thereof on or before the date to be named in the notice;

2.   The Court issue a notice to all persons desiring to contest either the right to exoneration from or the right to limitation of liability, he/she shall file and serve on the Plaintiff's attorneys an answer to the Complaint on or before said date, unless his/her claim has included an answer, so designated;

3.   The Court issue an Order restraining, staying and enjoining the further prosecution of any and all actions, suits, or proceedings already commenced and enjoining the commencement or prosecution hereafter of any and all actions, suits, or proceedings, of any nature or description against the Plaintiffs, or any other property of Plaintiffs to recover damages for, or in respect of, any loss, damage, injury or wrongful death caused or resulting from the aforesaid voyage, or done, occasioned or incurred on the aforesaid voyage;

4. The Court adjudge that Plaintiffs are not liable to any extent for any loss, damage, injury or wrongful death or for any claim therefore in any way resulting from, done, occasioned or incurred, as a result of the voyage, or during the aforesaid voyage;

5. If Plaintiffs are adjudged liable, as owner and owner *pro hac vice* of the F/V CONCH'RD, then any such liability for all claims shall be limited to $1,680.00, the value of the Plaintiffs' interest in the Vessel at the termination of the voyage, and that judgment be entered discharging Plaintiffs from all further liability; and

6. Plaintiffs shall have such other and further relief as this Court deems just and proper under the circumstances.

REEVES MCEWING, LLP

BY: *Mary E. Reeves*

Mary E. Reeves, Esquire (#9805-1985)
Brian McEwing, Esquire (#01161-2008)
Michael F. Schleigh, Esquire (#02595-2001)
Counsel for Plaintiffs
10 Andrews Lane, PO BOX 599
Dorchester, NJ 08316
609-846-4717
reeves@lawofsea.com
mcewing@lawofsea.com
mschleigh@lawofsea.com

DATE January 11, 2021

5