# EXHIBIT B

HOFMANN & SCHWEITZER
*Attorneys for Claimant*
1130 Route 202 South, Suite A7
Raritan, NJ 08869
Tel: 908-393-5662   Fax: 212-465-8849
paulhofmann@hofmannlawfirm.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
------------------------------------------------------------------------x

IN RE: COMPLAINT OF ADRIAN AVENA, AS OWNER          **1:21-cv-00515 (NLH)(MJS)**
AND AA COMMERCIAL, LLC., AS OWNER PRO HAC
VICE, OF THE FISHING VESSEL CONCH'RD, FOR
EXONERATION FROM OR LIMITATION OF LIABILITY


------------------------------------------------------------------------x

**ANSWER AND CLAIM OF KIMBERLY WOLFE AS PERSONAL REPRESENTATIVE
OF THE ESTATE AND BENEFICIARY OF AARON GREENBERG**

**JURY TRIAL DEMANDED**

KIMBERLY WOLFE, as the Personal Representative of the Estate of AARON

GREENBERG, answering the Complaint of ADRIAN AVENA AS OWNER AND AA

COMMERCIAL, LLC., AS OWNER PRO HAC VICE OF THE FISHING VESSEL

CONCH'RD, FOR EXONERATION FROM or LIMITATION OF LIABILITY (hereinafter

referred to either as 'plaintiffs' or at times as 'petitioners'), answers and files her claim in

limitation as follows:

1.      The allegations contained in paragraph 1 of the petition for limitation of or exoneration

from liability ("petition") are legal conclusions that do not require a response.

2.      The allegations contained in paragraph 2 of the petition regarding venue are admitted.  As

to the matter referenced in plaintiffs' complaint, and which was captioned *Estate of*

*Aaron Greenberg, et al. v. Adrian Avena Fishing, LLC., et al.,* No. 1:20-cv-19724 in this

court, a voluntary discontinuance of said suit was filed on January 8, 2021 without prejudice to later filing claims for the wrongful death of Aaron Greenberg once a proper personal representative was appointed. That condition precedent has now been accomplished.

3.      The allegations contained in paragraph 3 of the petition are admitted.

4.      Claimant denies information or knowledge sufficient to admit or deny the allegations contained in paragraph 4 of the petition.

5.      Claimant denies sufficient knowledge or information in order to form a belief as to the allegations contained in paragraph 5 of the petition.

6.      Claimant denies sufficient information in order to form a belief as to the allegations contained in paragraph 6 of the petition.

7.      The allegations contained in paragraph 7 of the petition are admitted in part as to the fact that on December 3, 2020 the F/V CONCH'RD did depart Cape May to perform fishing operations in the Atlantic Ocean, but denies information or knowledge of all other allegations contained in that paragraph.

8.      Claimant admits that the F/V CONCH'RD suffered a marine casualty and sank on December 3, 2020 in the Atlantic Ocean as alleged in paragraph 8 of the complaint. All other allegations are denied.

9.      Claimant denies sufficient information in order to form a belief as to the allegations contained in paragraph 9 of the petition.

10.     Claimant denies sufficient information in order to form a belief as to the allegations contained in paragraph 10 of the petition.

11.  Claimant denies knowledge or information sufficient to respond to the allegations contained in paragraph 11 of the petition.

12.  The allegations contained in paragraph 12 of the petition are denied.

13.  The allegations contained in paragraph 13 of the petition are denied.

14.  The allegations contained in paragraph 14 of the petition are admitted.

15.  Claimant cannot know what the plaintiffs' anticipated, thus deny knowledge and information to form a belief as to the allegations in paragraph 15.

16.  Claimant denies knowledge or information sufficient to respond to the allegations contained in paragraph 16 of the petition.

17.  Claimant denies knowledge or information sufficient to respond to the allegations contained in paragraph 17 of the petition.

18.  The allegations contained in paragraph 18 of the petition are legal conclusions that do not require a response and/or are denied due to insufficient knowledge to justify a belief.

19.  The allegations contained in paragraph 19 of the petition are admitted.

20.  The allegations contained in paragraph 20 of the petition are denied, and all questions of law are respectfully referred to the Court.

21.  The allegations contained in paragraph 21 of the petition are denied.

22.  No response is required to paragraph 22 of the complaint.

## AFFIRMATIVE DEFENSES

23.  First Affirmative Defense: At the commencement of the voyage, the F/V CONCH'RD was not seaworthy, not fit for its intended purpose, not properly maintained, nor equipped, as set forth in claimant's claim below, all within the privity and knowledge of

the petitioners.

24.     Second Affirmative Defense: Petitioners ADRIAN AVENA, as owner and AA
        COMMERCIAL, LLC., as owner pro hac vice of the F/V CONCH'RD, are not entitled to
        either exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, et seq.,
        for any and all loss, damage, and/or injury caused by the alleged incident, or done,
        occasioned, or incurred on the relevant voyage on which the alleged incident occurred,
        because the unseaworthy condition of the vessel and the negligent actions causing the
        death of Aaron Greenberg were within the privity and knowledge of plaintiffs; including
        the privity and knowledge of the master, and executive officers, and the members of AA
        COMMERCIAL, LLC., which are imputed to plaintiffs.

25.     Third Affirmative Defense: The alleged occurrence, loss, damages, and/or injuries
        referred to in the Complaint were caused or contributed to by the negligence of petitioners
        in their capacity as owner and operator of the subject vessel, and/or as a result of the
        petitioners' violations of applicable federal safety and operating regulations and/or
        statutes, thus the events were within the privity and knowledge of petitioner.

26.     Fourth Affirmative Defense: The value of the limitation fund proposed by plaintiff is
        inadequate and insufficient to pay all losses in full, thus limitation should be denied.

        WHEREFORE, claimant prays that the court enter an order that plaintiffs are not entitled
to limitation or exoneration of liability and the limitation/exoneration action be dismissed and
claimant be allowed to bring her claim against plaintiffs before a jury and that judgment be
entered on her behalf, for the benefit of the Estate of Aaron Greenberg, together with fees, costs
and interest.

## CLAIMS IN LIMITATION

## CLAIMANT DEMANDS TRIAL BY JURY

KIMBERLY WOLFE, for and on behalf of the Estate and Beneficiary of AARON GREENBERG, and as legal representative of the Estate of AARON GREENBERG and his beneficiary, respectfully alleges upon personal knowledge and upon information and belief, and states her claim against plaintiffs, ADRIAN AVENA and AA COMMERCIAL, LLC., as follows:

27. Claimant repeats and realleges each and every allegation stated above in her answer to plaintiffs, ADRIAN AVENA and AA COMMERCIAL, LLC.'s complaint with the same force and effect as if set forth in their entirety.

28. The jurisdiction of this Court over this claim arises under and by virtue of the Jones Act, 46 U.S.C. § 30104 et seq., and the General Admiralty and Maritime Law and also pursuant to 28 USC § 1332(a)-(c), the parties being diverse and this being a claim in excess of $75,000 exclusive of costs and interest.

29. Claimant is hereby entitled to a trial by jury pursuant to the diversity jurisdiction described above, 28 USC § 1332 (a)-(c), through the "savings to suitors" clause, 28 U.S.C. § 1333 and through the operation of the Jones Act, 46 U.S.C. § 30104, which permit, by statutory authority or through the operation of common law, the right to a trial by jury.

## THE PARTIES AND BRIEF STATEMENT OF FACTS

30. On August 4, 2021, Kimberly Wolfe, the mother of K.G., Aaron Greenberg's daughter, was appointed personal representative and administrator of the Estate of Aaron Greenberg. Ms. Wolfe is the mother and co-guardian of decedent's only living heir, K.G. At all relevant times, claimant's decedent, Aaron Greenberg, was a resident of Pennsylvania and was employed as a seaman aboard the fishing vessel CONCH'RD in his capacity as deckhand. As a matter of law, accordingly, she is entitled to bring this action for the survival and wrongful death claims asserted herein.

31. At all relevant times, and in particular on December 3, 2020, claimant's decedent, Aaron Greenberg, was an employee of Adrian Avena, as owner of the fishing vessel, CONCH'RD.

32. At all relevant times, and in particular on December 3, 2020, claimant's decedent, Aaron Greenberg, was an employee of plaintiff, AA COMMERCIAL, LLC., as owner pro hac vice of the fishing vessel, CONCH'RD.

33. Prior to, and on December 3, 2020, plaintiff, ADRIAN AVENA, was and is a citizen of the State of New Jersey.

34. At all times material hereto ADRIAN AVENA was the owner of the F/V CONCH'RD.

35. Prior to, and on December 3, 2020, plaintiff, AA COMMERCIAL, LLC., was a New Jersey limited liability company with a principal place of business in New Jersey.

36. Prior to, and on December 3, 2020, AA COMMERCIAL, LLC. was the owner of the vessel, and Adrian Avena was an officers, shareholder and manager of the company, which also was owner and operator of the F/V CONCH'RD.

6

37.    Prior to, and on December 3, 2020, plaintiffs, ADRIAN AVENA and AA
       COMMERCIAL, LLC., owned and operated the F/V CONCH'RD. One, the other or both
       were AARON GREENBERG's Jones Act employer. At all relevant times he was
       employed by plaintiffs, ADRIAN AVENA and/or AA COMMERCIAL, LLC., and was
       working in the normal course of the business of the plaintiffs.

38.    The subject vessel, CONCH'RD, was a 32' fishing vessel outfitted to perform fishing for
       conch and whelk, both of which are marine gastropod species within several families of
       sea snails, in the ocean and bays off of New Jersey.

39.    On December 3, 2020, the F/V CONCH'RD sank off the coast of Cape May, New Jersey
       while performing fishing operations for conch and/or whelk.

40.    Onboard the F/V CONCH'RD at the time of the sinking was plaintiff Adrian Avena, the
       vessel's captain, and claimant's decedent, AARON GREENBERG, deckhand.

41.    The fateful voyage started in the morning of December 3, 2020 starting from Cape May,
       New Jersey.

42.    Prior to, and on December 3, 2020, the F/V CONCH'RD was unfit for its intended
       voyage, in ill repair, unsafe and unseaworthy, in poor maintenance, and had was a
       foreseeable risk of taking on water, listing, and sinking.

43.    Prior to, and on December 3, 2020, plaintiff, ADRIAN AVENA and AA
       COMMERCIAL, LLC., its officers, servants, agents, and employees and/or other persons,
       were aware of and had full knowledge, or should have been aware and should have had
       full knowledge, of the vessel's unsafe and unseaworthy conditions, ill repair, and that it
       was unfit for sea voyages.

44. On December, 3, 2020, plaintiffs, ADRIAN AVENA and AA COMMERCIAL, LLC., its officers, servants, agents, and employees and/or other persons for whom plaintiffs were responsible, knowingly, recklessly, willfully, carelessly, and negligently permitted the subject vessel to get underway and knowingly, carelessly and negligently operated the vessel, causing it to capsize and sink.

45. On December 3, 2020, as a result of plaintiffs, ADRIAN AVENA and AA COMMERCIAL, LLC.,'s negligent, willful, callous, and reckless conduct in handling, navigating and using the F/V CONCH'RD on the ocean off of Cape May, NJ, and allowing it to get underway in an unseaworthy and unsafe condition, and through each plaintiffs' actions caused the vessel to be unseaworthy, unfit for its intended purpose, so causing the CONCH'RD to take on water, list, capsize and sink. As a result, claimant's decedent was caused to suffer serious injuries, horrible suffering and untimely death by drowning.

**FIRST CAUSE OF ACTION: JONES ACT NEGLIGENCE AND BREACH OF OBLIGATION TO PROVIDE A SEAWORTHY VESSEL CLAIMS AGAINST ADRIAN AVENA AND AA COMMERCIAL, LLC.**

46. Claimant repeats and realleges each and every allegation stated above with the same force and effect as if set forth in their entirety.

47. The injuries to and death of decedent were not caused or contributed to by any fault or negligence on the part of claimant's decedent, but were caused by reason of the negligence of the plaintiffs, ADRIAN AVENA and AA COMMERCIAL, LLC., its officers, servants, agents, and employees and/or other persons for whom plaintiff was and is responsible, and the unseaworthiness of the vessel, referred to above, in that inter alia:

8

A.   The conduct of the vessel was such that it was operated, controlled, managed and maintained in a careless, reckless, and negligent manner.

B.   The vessel was not safe, staunch, properly equipped, supplied or seaworthy.

C.   Plaintiffs failed to maintain the subject vessel and its equipment and appliances, in a safe and seaworthy condition.

D.   The vessel was not reasonably safe or suitable to perform the intended voyage.

E.   The vessel was permitted and allowed to go upon the waters in an unsafe and unseaworthy condition and that such condition of the subject vessel and any and all damages and injuries were done, occasioned and incurred with the privity or knowledge of the plaintiff, its officers, agents, servants or employees at or prior to the commencement of the voyage.

F.   Plaintiffs, ADRIAN AVENA and AA COMMERCIAL, LLC., its officers, agents, servants, employees, and/or other persons for whom the plaintiffs were and are responsible, failed to take suitable precautions for the safety of the claimant's decedent under the circumstances and conditions then existing to the knowledge of the plaintiff, the said plaintiff having actual and constructive notice of the unsafe, dangerous and unseaworthy conditions.

48.   Claimant reserves the right to claim against the plaintiffs, and others, and the vessel for such other and further and different faults, negligence, and unseaworthiness as the evidence may disclose.

49.   Claimant further alleges that plaintiffs breached its non-delegable duty to provide a safe and seaworthy vessel by permitting the vessel to go upon the waters in an unsafe and

9

unseaworthy condition, and that the casualty caused by subject vessel and any and all damages and injuries resulting therefrom were done, occasioned, and occurred with the plaintiffs' privity and knowledge, at or prior to the commencement of the voyage upon which the vessel was then engaged.

50. By reason of the matters aforesaid, claimant's decedent, AARON GREENBERG, sustained severe and fatal injuries, and experienced pain, anxiety, shock, and physical and mental and emotional suffering, for which in this action recovery may be obtained. Furthermore, the estate may be entitled to wages and benefits due Aaron Greenberg before his death, which may be due and owing and claim is made for those entitlements.

51. By reason of the matters aforesaid, the beneficiary of claimant's decedent's estate was and is deprived of his financial and emotional support and guidance, loss of society and such other elements of damages for his wrongful death to which in this action the beneficiary and the personal representative of the estate are entitled to claim under the laws of the State of New Jersey and the General Maritime Law.

52. That at all times herein mentioned the F/V CONCH'RD was on the navigable waters of the United States and within the admiralty jurisdiction of the United States of America.

53. That the claimant brings this claim for damages pursuant to the provisions of the Jones Act, 46 USC § 30104, the General Maritime Law and all other applicable state, federal, common law and/or statutory provisions or regulations.

54. That by the reason of the foregoing, claimant hereby claims monetary damages for the losses suffered by the Estate and Beneficiary of AARON GREENBERG and claims damages for the conscious pain and suffering of the decedent before his untimely demise,

10

and for the damages caused to the beneficiary by his wrongful death.

55.     This answer is filed herein pursuant to statutes covering limitation of liability

proceedings, 46 U.S.C. § 30501 et seq., and claimant reserves all rights, including the

right to trial by jury pursuant to the Jones Act, 46 U.S.C. § 30104, and common law

rights, as asserted herein in this action in which diversity jurisdiction exists.

WHEREFORE, claimant having fully answered, prays:

a.      That an order be entered herein that plaintiffs are not entitled to exoneration from

liability herein;

b.      That an order be entered herein that plaintiff is not entitled to limitation of liability

herein;

c.      That an order be entered that the occurrence referred to in the complaint happened

with the privity and knowledge of the plaintiffs;

d.      That an order be entered that the claimant be permitted to pursue the action stated

within this claim with trial by jury to recover damages against the plaintiffs for

injuries and losses as aforesaid;

e.      That if this Court does not allow the claimant the right of a trial by jury to recover the

aforesaid damages, then in such event that this action be stayed and claimant be

allowed to assert her claim in the common law courts of the State of New Jersey

under the Savings to Suitors Clause of 28 USC § 1333.

f.      That an order be entered awarding interest and costs and such other and further relief

as in law and justice she may be entitled to receive.

By reason of the foregoing, claimant claims damages in the amount to be assessed by the trier of fact.

Dated: Raritan, New Jersey          HOFMANN & SCHWEITZER
       November 9, 2021            *Attorneys for Claimant*

By:

Paul T. Hofmann (PH1356)
1130 Route 202 South, Ste. 7A
Raritan, New Jersey 08869
Tel: 908-393-5662   Fax: 212-465-8849
paulhofmann@hofmannlawfirm.com