**TESTA HECK TESTA & WHITE, P.A**
      By:    Michael L. Testa
                mtesta@testalawyers.com
                Justin R. White
                jwhite@testalawyers.com
424 W. Landis Avenue
Vineland, NJ 08360
Phone: (856) 691-2300
Fax:    (856) 691-5655
Attorneys for Third-Party Defendant, Daniel J. Avena

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: Complaint of **ADRIAN AVENA** as owner, and **AA COMMERCIAL, LLC** as Owner Pro Hac Vice of the Fishing Vessel CONCH'RD for Exoneration From or Limitation of Liability | |
| **KIMBERLY WOLFE**, as Personal Representative of **THE ESTATE OF AARON GREENBERG**, and On Behalf Of K.G., Over Whom Kimberly Wolfe is the Appointed Co-Guardian, and Who Is The Surviving Minor Child of the Decedent, Aaron Greenberg, | **CIVL ACTION** |
| Third Party Plaintiffs | |
| vs. | |
| **DANIEL J. AVENA,** and **THE UNITED STATES OF AMERICA** | |
| Third Party Defendants | |

### ANSWER TO AMENDED THIRD-PARTY COMPLAINT
### BY DEFENDANT DANIEL J. AVENA

1

Defendant, Daniel J. Avena (at times, "Avena" or "Defendant"), by way of Answer to the Amended Third-Party Complaint by the Third-Party Plaintiff, Kimberly Wolfe as personal representative of the Estate of Aaron Greenberg, does hereby state and say as follows:

### ADDRESSES (L. Civ. R. 10.1)

Daniel J. Avena
3692 Conley Drive
Vineland, New Jersey 08361

### RESPONSE TO ALLEGATIONS

1. To the extent this paragraph sets forth a conclusion of law, no response is required.

2. To the extent this paragraph sets forth a conclusion of law, no response is required.

3. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

4. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

5. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

6. It is admitted only that Kimberly Wolfe asserts such claims. Denied that Defendant breached any duty owed is or is otherwise liable to Kimberly Wolfe or any other party to this litigation.

7. It is admitted only that Kimberly Wolfe asserts such claims. Denied that Defendant breached any duty owed is or is otherwise liable to Kimberly Wolfe or any other party to this litigation.

## GENERAL STATEMENT OF FACTS

8.  Answering Defendant is without sufficient information to admit or deny the allegations in this paragraph.

9.  Answering Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent this paragraph sets forth a conclusion of law, no response is required. To the extent that any response may be required, Defendant hereby denies any statutory or legal interpretation contained therein, and any liability under same.

10. Answering Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent this paragraph sets forth a conclusion of law, no response is required. To the extent that any response may be required, Defendant hereby denies any statutory or legal interpretation contained therein, and any liability under same.

11. Answering Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent this paragraph sets forth a conclusion of law, no response is required. To the extent that any response may be required, Defendant hereby denies any statutory or legal interpretation contained therein, and any liability under same.

12. Answering Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent this paragraph sets forth a conclusion of law, no response is required. To the extent that any response may be required, Defendant hereby denies any statutory or legal interpretation contained therein, and any liability under same.

13. Defendant is without sufficient information to admit or deny the allegations in the paragraph. To the extent this paragraph sets forth a conclusion of law, no response is required. To the extent that any response may be required, Defendant hereby denies any statutory or legal interpretation contained therein, and any liability under same.

14. Defendant is without sufficient information to admit or deny the allegations in the paragraph. To the extent this paragraph sets forth a conclusion of law, no response is required. To the extent that any response may be required, Defendant hereby denies any statutory or legal interpretation contained therein, and any liability under same.

15. Defendant is without sufficient information to admit or deny the allegations in the paragraph. To the extent this paragraph sets forth a conclusion of law, no response is required. To the extent that any response may be required, Defendant hereby denies any statutory or legal interpretation contained therein, and any liability under same.

16. Defendant is without sufficient information to admit or deny the allegations in the paragraph. To the extent this paragraph sets forth a conclusion of law, no response is required. To the extent that any response may be required, Defendant hereby denies any statutory or legal interpretation contained therein, and any liability under same.

17. Defendant is without sufficient information to admit or deny the allegations in the paragraph. To the extent this paragraph sets forth a conclusion of law, no response is required. To the extent that any response may be required, Defendant hereby denies any statutory or legal interpretation contained therein, and any liability under same.

18. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

19. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

20. Admitted that the CONCH'RD experienced an emergency situation on or about December 3, 2020 in the Atlantic Ocean. The remaining allegations of this paragraph are denied.

It is specifically denied that Defendant breached any duty owed is or is otherwise liable to Kimberly Wolfe or any other party to this litigation.

21. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

22. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

23. Defendant is without sufficient information to admit or deny the remaining allegations contained in this paragraph.

24. Admitted to the extent that the EPIRB was at one time associated with the the vessel named GOLD RUSH II. The remaining allegations in this paragraph are denied.

25. Admitted that the EPIRB was at one time associated with the vessel named GOLD RUSH II. Defendant is without sufficient information to admit or deny the remaining allegations contained in this paragraph.

26. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

27. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

28. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

29. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

30. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

31. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

32. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

33. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

34. Admitted to the extent that Defendant received a phone call from the United States Coast Guard on that date. Defendant is without sufficient information to admit or deny the remaining allegations contained in this paragraph.

35. Admitted to the extent that Defendant received a phone call from the Coast Guard on that date. Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph.

36. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

37. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

38. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

39. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

40. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

41. Admitted, though it is denied that Defendant was under a legal duty to do so.

42. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

43. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

44. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

45. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

46. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

47. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

48. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

49. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

50. Denied.

51. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

52. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

53. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

54. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

55. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

56. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

57. It is admitted that Aaron Greenberg was lost at sea on or about December 3, 2020. Defendant is without sufficient information to admit or deny the remaining allegations contained in this paragraph.

**FIRST CAUSE OF ACTION: NEGLIGENCE OF DANIEL J. AVENA**

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Admitted to the extent Defendant was contacted by the United States Coast Guard, and that Defendant confirmed the EPIRB signal was not a false alarm. The remainder of the assertions in this paragraph are denied.

63. Denied.

64. To the extent this paragraph sets forth a conclusion of law, no response is required. To the extent any response may be required, Defendant hereby denies the allegations, along with any statutory or legal interpretation contained therein, and any liability thereunder.

65. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

66. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

67. Denied.

68. Denied.

69. Denied.

70. No response required.

### SECOND CAUSE OF ACTION: NEGLIGENCE OF THE UNITED STATES, BY AND THROUGH THE UNITED STATES COAST GUARD

71. No response required.

72 - 81. The allegations of these paragraphs are not directed towards Avena. However, to the extent any paragraph alleges a breach of duty or otherwise actionable conduct on the part of Avena, same are denied.

### THIRD CAUSE OF ACTION: AGAINST HAMMAR AND REVERE FOR STRICT PRODUCT LIABILITY

82. No response required.

83-90. The allegations of these paragraphs are not directed towards Avena. However, to the extent any paragraph alleges a breach of duty or otherwise actionable conduct on the part of Avena, same are denied.

### FOURTH CAUSE OF ACTION: AGAINST HAMMAR AND REVERE: BREACH OF WARRANTIES

91. No response required.

92 - 96.  The allegations of these paragraphs are not directed towards Avena. However, to the extent any paragraph alleges a breach of duty or otherwise actionable conduct on the part of Avena, same are denied.

### FIFTH CAUSE OF ACTION: AGAINST HAMMAR AND REVERE FOR NEGLIGENT MISREPRESENTATION

97.  No response required.

98 - 101.  The allegations of these paragraphs are not directed towards Avena. However, to the extent any paragraph alleges a breach of duty or otherwise actionable conduct on the part of Avena, same are denied.

### SIXTH CAUSE OF ACTION: AGAINST HAMMAR AND REVERE: NEGLIGENCE

102.  No response required.

103 - 105.  The allegations of these paragraphs are not directed towards Avena. However, to the extent any paragraph alleges a breach of duty or otherwise actionable conduct on the part of Avena, same are denied.

### SEVENTH CAUSE OF ACTION: HAMMAR'S AND REVERE'S FAILURE TO WARN

106.  No response required.

107 - 110.  The allegations of these paragraphs are not directed towards Avena. However, to the extent any paragraph alleges a breach of duty or otherwise actionable conduct on the part of Avena, same are denied.

**WHEREFORE**, the Third-Party Defendant, Daniel J. Avena, demands the dismissal of the Third-Party Plaintiff's Complaint, with prejudice, and with an award in Avena's favor of reasonable attorneys' fees and costs of suit.

## **AFFIRMATIVE DEFENSES**

1. The Third-Party Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. It is specifically denied that Defendant was negligent, or that Defendant had any duty with respect to the boat, its equipment, or its operation.

3. Any damages sustained by the Third-Party Plaintiff were the result of an unavoidable accident, act of nature, act of God, or peril of sea.

4. Aaron Greenberg's death was not caused in whole or in part by any negligence of this Defendant, or any equipment he may have previously owned.

5. Aaron Greenberg's death was caused by his own actions or inaction.

6. Aaron Greenberg's death was caused by the negligence of the U.S. Coast Guard and/or other third parties for whom this Defendant is not responsible.

7. The Third-Party Plaintiff's claims are barred or must be reduced to the extent the alleged damages were caused by a superseding or intervening cause.

8. Any injuries, illnesses or damages suffered by the Third-Party Plaintiff were sustained solely by reason of his own negligence or comparative negligence, or the negligence of other defendants.

9. Any recovery against this Defendant must be reduced according to the doctrine of comparative negligence.

10. This Defendant claims all of the defenses available to it under state or federal law, including under general maritime law.

11. This Defendant reserves its right to amend and supplement its defenses upon completion of discovery.

12. Third-Party Plaintiff is not entitled to a jury trial in this matter.

## CROSS-CLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Daniel J. Avena demands contribution and indemnification from the United States of America, CM Hammar AB and Revere Survival, Inc., to the fullest extent permissible, and by virtue of statute, contract and/or common law, to the extent applicable.

## ANSWER TO CROSS-CLAIMS

Daniel J. Avena denies any and all cross-claims for contribution and indemnification as may be asserted against him.

> TESTA HECK TESTA & WHITE, P.A.
> Attorney for Third-Party Defendant,
> Daniel J. Avena

Dated: January 18, 2022      BY:  s/ *Michael L. Testa, Sr.*
                                                    MICHAEL L. TESTA, Sr.
                                                    JUSTIN R. WHITE

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

I hereby certify that, upon information and belief, the matter in controversy is also the subject of the matter of *Estate of Aaron Greenberg, et. al. v. Adrian Avena Fishing, LLC, et al.*, No. 1:20-cv-19724.

Dated: January 18, 2022      BY:  s/ *Michael L. Testa, Sr.*
                                                    MICHAEL L. TESTA, Sr.

## CERTIFICATION OF SERVICE

I hereby certify that this pleading was served upon all parties in a timely fashion via ECF in accordance with the Federal Rules of Civil Procedure.

Dated: January 18, 2022      BY:  s/ *Michael L. Testa, Sr.*
                                                    MICHAEL L. TESTA, Sr.