UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Thomas M. Brown, Esq.
United States Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
175 N Street, NE, 8th Floor
Washington, DC 20002
(202) 616-4112

| | |
|---|---|
| *In re* Complaint of Adrian Avena, as Owner and AA Commercial, LLC, as Owner *Pro Hac Vice*, of the Fishing Vessel CONCH'RD, for Exoneration from or Limitation of Liability | Case No: 1:21-cv-00515-KMW-MJS<br><br>UNITED STATES OF AMERICA'S ANSWER TO CROSS-CLAIM BY PETITIONERS ADRIAN AVENA AND AA COMMERCIAL, LLC |

The United States of America answers the cross-claim of Petitioners Adrian Avena and AA Commercial, LLC, ECF No. 27, as follows:

1. The United States responds as follows to each numbered paragraph of Petitioners' Limitation Complaint, ECF No. 1, which Petitioners incorporated by reference into Paragraph 1:

*Incorporated Paragraph 1.* The United States admits that this is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333, but denies the remaining allegations of Paragraph 1 of the Limitation Complaint for lack of sufficient knowledge or information.

*Incorporated Paragraph 2.* The allegations of Paragraph 2 of the Limitation Complaint are denied for lack of sufficient knowledge or information.

*Incorporated Paragraph 3.* The United States admits that at all times material hereto, the F/V CONCH'RD was a commercial fishing vessel, but denies the remaining allegations of Paragraph 3 of the Limitation Complaint for lack of sufficient knowledge or information.

*Incorporated Paragraph 4.* The United States lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 4 of the Limitation Complaint.

*Incorporated Paragraph 5.*  The United States lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 5 of the Limitation Complaint.

*Incorporated Paragraph 6.*  The United States lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 6 of the Limitation Complaint.

*Incorporated Paragraph 7.*  The United States lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 7 of the Limitation Complaint.

*Incorporated Paragraph 8.*  The allegations of Paragraph 8 of the Limitation Complaint are admitted.

*Incorporated Paragraph 9.*  The allegations of Paragraph 9 of the Limitation Complaint are denied.

*Incorporated Paragraph 10.*  The allegations of Paragraph 10 of the Limitation Complaint are denied.

*Incorporated Paragraph 11.*  The United States lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 11 of the Limitation Complaint.

*Incorporated Paragraph 12.*  The allegations of Paragraph 12 of the Limitation Complaint are denied.

*Incorporated Paragraph 13.*  The allegations of Paragraph 13 of the Limitation Complaint are denied.

*Incorporated Paragraph 14.*  The allegations of Paragraph 14 of the Limitation Complaint are admitted.

*Incorporated Paragraph 15.*  The United States lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 15 of the Limitation Complaint.

*Incorporated Paragraph 16.* The United States lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 16 of the Limitation Complaint.

*Incorporated Paragraph 17.* The United States lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 17 of the Limitation Complaint.

*Incorporated Paragraph 18.* The United States lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 18 of the Limitation Complaint.

*Incorporated Paragraph 19.* The allegations of Paragraph 19 of the Limitation Complaint are admitted.

*Incorporated Paragraph 20.* The allegations of Paragraph 20 of the Limitation Complaint are legal conclusions that do not require a response. To the extent a response is deemed to be required, denied.

*Incorporated Paragraph 21.* The allegations of Paragraph 21 of the Limitation Complaint are legal conclusions that do not require a response. To the extent a response is deemed to be required, denied.

*Incorporated Paragraph 22.* The allegations of Paragraph 22 of the Limitation Complaint are denied.

The "Wherefore" portion and numbered prayers for relief that are stated in the Limitation Complaint are legal conclusions that do not require a response. To the extent a response is deemed to be required, denied.

The United States responds as follows to Petitioners' Answer to Claims, ECF No. 27, which Petitioners also incorporated by reference into Paragraph 1: Petitioners' Answer to Claims asserts no allegations against the United States to which an admission or denial is required. Fed. R. Civ. P. 8(b). To the extent a response is required, denied.

The United States responds as follows to Petitioners' Affirmative Defenses, ECF No. 27, which Petitioners also incorporated by reference into Paragraph 1: Petitioners' Affirmative Defenses set forth in their responsive pleading to claims by Kimberly Wolfe assert no allegations against the United States to which an admission or denial is required. Fed. R. Civ. P. 8(b). To the extent a response is required, denied.

2. The United States interprets the allegation of Paragraph 2 as referring to ECF No. 33, and incorporates by reference its responses to the same.

3. The allegations of Paragraph 3 are denied.

4. The allegations of Paragraph 4 are denied.

5. The allegations of Paragraph 5 are denied.

6. The allegations of Paragraph 6 are legal conclusions that do not require a response. To the extent a response is deemed to be required, denied.

The unnumbered paragraph beginning with "WHEREFORE" requires no response. To the extent a response is deemed to be required, denied.

## AFFIRMATIVE DEFENSES

The United States further responds by asserting the following:

1. The Court lacks subject matter jurisdiction over claims asserted against the United States in this case.

2. No employee, agent, or servant of the United States breached any duty owed to any person at any time, and no action or inaction by the United States or any of its employees, agents, or servants was a cause, proximate or otherwise, of any of the damages alleged in Claimant's Third-Party Complaint.

3. As a result of the negligent and unseaworthy operation of F/V CONCH'RD on December 3, 2020 – which included violating EPIRB safety regulations, operating an inshore craft beyond three nautical miles from the shore while in an unstable condition; operating without a properly trained and briefed crew; operating without properly located, installed, and available emergency equipment; allowing the propeller to become entangled in rope; and then powering against that rope – CONCH'RD swamped and capsized, and its crew entered the sea without any protection from emergency equipment, and without the vessel having given any timely distress signal. *See also* ECF No. 33 (Wolfe Amended Claim). These events prompted the emergency dispatch of, and extensive searching by, Coast Guard aircraft, a Coast Guard cutter (USCGC LAWRENCE LAWSON), and a Coast Guard small-boat station team, to effect salvage and life salvage missions. As a result, the United States of America bore significant costs and damages, presently approximated at over $800,000. The United States asserts as an avoidance, affirmative defense, and/or counterclaim, its right to have this amount of money damages set-off against or recouped from any money damages that should be awarded against it. *See In re Petition of Frescati Shipping Co., Ltd.*, No. 05-CV-305 (JHS), 2016 WL 4035994, at *74–75 (E.D. Pa. July 25, 2016) ("In addition, recoupment may be pled either as a claim or as a defense.").

4. The claim fails to allege a violation of the standard of care of a rescuer, and is barred by the maritime rescue doctrine and/or the "Good Samaritan rule." *See, e.g.*, *Patentas v. United States*, 687 F.2d 707 (3d Cir. 1982).

5. The Court lacks subject matter jurisdiction over claims resulting from the exercise or performance of, or the failure to exercise or perform, discretionary or governmental functions by federal agencies, officers, agents, servants, employees, vessels, aircraft, crew, or others for

whom the United States was or is responsible, and for which actions or failures the United States cannot be held liable.

6.  As to the F/V CONCH'RD and its owners or interests, the "Pennsylvania Rule" applies to the case. *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873).

7.  This incident was caused and contributed to by, as applicable, the acts, omissions, negligence, unseaworthiness, fault, recklessness, lack of due care, and breaches and violations of duties, regulations and law of Adrian Avena; Daniel Avena; AA Commercial LLC, its officers, agents, servants, employees, vessel, crew, or others for whom it was responsible, including, but not limited to, F/V CONCH'RD; and any other vessel interests (hereinafter "Vessel Interests"), all such acts, omissions, negligence, unseaworthiness, fault, recklessness, lack of due care, and breaches and violations of duties and law being within the privity and knowledge of Vessel Interests.

8.  The liability of the United States (if any) to Claimant must be reduced or barred because of the comparative fault, contributory negligence, assumption of risk, unseaworthiness or other tortious conduct of parties, persons or entities different from the United States, or that liability was assumed by parties, persons or entities different from the United States, including but not limited to Aaron Greenberg, Adrian Avena, Daniel Avena, AA Commercial LLC, its officers, agents, servants, employees, vessel, crew, or others for whom it was responsible.

9.  The limitation fund established by Petitioner is insufficient and is less than the value of F/V CONCH'RD or its tackle, which Petitioner made no effort to salvage.

10. The negligent conduct of Aaron Greenberg and/or other party persons (or entities), over whom the United States had no control, was the superseding and/or intervening cause of all damages allegedly sustained.

11. The claim is barred or limited by the fellow servant doctrine.

12. The Death on the High Seas Act (DOHSA), 46 U.S.C. §§ 30301 *et seq*. provides Claimant Kimberley Wolfe's exclusive cause of action available as against the United States, preempting any remedy that otherwise might be available under the general maritime law.

13. As against the United States, the doctrine of joint liability with a right of contribution does not apply to damages beyond those recoverable under the Death on the High Seas Act (DOHSA), 46 U.S.C. §§ 30301 *et seq*., and for any such damages, there is several liability against the decedent's employer only, with no right of contribution.

14. The Third-Party Complaint fails to state a claim upon which relief can be granted.

The United States respectfully requests that the Court enter judgment in its favor and dismiss Petitioner's "Cross-Claim" with prejudice.

**DESIGNATION OF AGENT FOR SERVICE UNDER LOCAL CIVIL RULE 101.1(f)**

In accordance with Local Civil Rule 101.1(f), the undersigned hereby makes the following designation for the receipt of service of all notices or papers in this action at the following address:

United States Attorney's Office
District of New Jersey
Attention: Kristin L. Vassallo
Assistant U.S. Attorney
970 Broad Street, Room 700
Newark, NJ 07102

//

//

//

//

//

Dated: January 28, 2022

Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General
Civil Division

PHILIP R. SELLINGER
United States Attorney

/s/ Thomas M. Brown
THOMAS M. BROWN
JARED H. HOOD
Trial Attorneys
United States Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
175 N Street, NE, 8th Floor
Washington, DC 20002
(202) 616-4112, Thomas.M.Brown@usdoj.gov
(202) 598-1235, Jared.H.Hood@usdoj.gov
Fax: (202) 616-4002
*Attorneys for the United States*

## **CERTIFICATE OF SERVICE**

    I certify that on January 28, 2022, the foregoing was filed using the Court's CM/ECF system, which will send an electronic notice of filing to the following counsel of record:

Brian McEwing  
Reeves McEwing LLP  
10 Andrews Lane  
P.O. Box 599  
Dorchester, NJ 08316-0599  
609-846-4717  
Fax: 609-884-4378  
Email: mcewing@lawofsea.com  

Mary Reeves  
Reeves McEwing LLP  
1004 S. Front Street  
Philadelphia, PA 19147  
267-324-3773  
Fax: 267-519-9463  
Email: reeves@lawofsea.com  

*Attorneys for Adrian Avena and AA Commercial, LLC*

Paul T. Hofmann  
Hofmann & Schweitzer  
1130 Route 202 South  
Suite A7  
Raritan, NJ 08869  
908-393-5662  
Fax: 212-465-8849  
Email: paulhofmann@hofmannlawfirm.com  

Joseph Fattorusso, II  
Hofmann & Schweitzer  
212 West 35th St., 12th Fl.  
New York City, NY 10001  
609-757-2358  
Email: joseph@hofmannlawfirm.com  

*Attorneys for Kimberly Wolfe*

Michael Louis Testa, SR.  
Testa Heck Scrocca & Testa, PA  
424 Landis Avenue  
P.O. Box 749  
Vineland, NJ 08360  
(856) 691-2300  
Email: mtesta@testalawyers.com  

*Attorney for Daniel J. Avena*

                                          */s/ Thomas M. Brown*  
                                          THOMAS M. BROWN  
                                          Trial Attorney