UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Thomas M. Brown, Esq.
United States Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
175 N Street, NE, 8th Floor
Washington, DC 20002
(202) 616-4112

| | |
|---|---|
| *In re* Complaint of Adrian Avena, as Owner and AA Commercial, LLC, as Owner *Pro Hac Vice*, of the Fishing Vessel CONCH'RD, for Exoneration from or Limitation of Liability | Case No: 1:21-cv-00515-KMW-MJS<br><br>UNITED STATES OF AMERICA'S ANSWER TO CROSS-CLAIM BY DANIEL J. AVENA |

The United States of America answers the cross-claim of Daniel J. Avena, ECF No. 34, as follows:

1. The United States denies that Third-Party Defendant Daniel J. Avena is entitled to contribution or indemnification from the United States of America.

**AFFIRMATIVE DEFENSES**

The United States further responds by asserting the following:

1. The Court lacks subject matter jurisdiction over claims asserted against the United States in this case.

2. No employee, agent, or servant of the United States breached any duty owed to any person at any time, and no action or inaction by the United States or any of its employees, agents, or servants was a cause, proximate or otherwise, of any of the damages alleged in Claimant's Third-Party Complaint.

3. As a result of the negligent and unseaworthy operation of F/V CONCH'RD on December 3, 2020 – which included violating EPIRB safety regulations, operating an inshore craft

beyond three nautical miles from the shore while in an unstable condition; operating without a properly trained and briefed crew; operating without properly located, installed, and available emergency equipment; allowing the propeller to become entangled in rope; and then powering against that rope – CONCH'RD swamped and capsized, and its crew entered the sea without any protection from emergency equipment, and without the vessel having given any timely distress signal.  *See also* ECF No. 33 (Wolfe Amended Claim).  These events prompted the emergency dispatch of, and extensive searching by, Coast Guard aircraft, a Coast Guard cutter (USCGC LAWRENCE LAWSON), and a Coast Guard small-boat station team, to effect salvage and life salvage missions.  As a result, the United States of America bore significant costs and damages, presently approximated at over $800,000.  The United States asserts as an avoidance, affirmative defense, and/or counterclaim, its right to have this amount of money damages set-off against or recouped from any money damages that should be awarded against it.  *See In re Petition of Frescati Shipping Co., Ltd.*, No. 05-CV-305 (JHS), 2016 WL 4035994, at *74–75 (E.D. Pa. July 25, 2016) ("In addition, recoupment may be pled either as a claim or as a defense.").

4. The claim fails to allege a violation of the standard of care of a rescuer, and is barred by the maritime rescue doctrine and/or the "Good Samaritan rule."  *See, e.g.*, *Patentas v. United States*, 687 F.2d 707 (3d Cir. 1982).

5. The Court lacks subject matter jurisdiction over claims resulting from the exercise or performance of, or the failure to exercise or perform, discretionary or governmental functions by federal agencies, officers, agents, servants, employees, vessels, aircraft, crew, or others for whom the United States was or is responsible, and for which actions or failures the United States cannot be held liable.

6. As to the F/V CONCH'RD and its owners or interests, the "Pennsylvania Rule" applies to the case. *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873).

7. This incident was caused and contributed to by, as applicable, the acts, omissions, negligence, unseaworthiness, fault, recklessness, lack of due care, and breaches and violations of duties, regulations and law of Adrian Avena; Daniel Avena; AA Commercial LLC, its officers, agents, servants, employees, vessel, crew, or others for whom it was responsible, including, but not limited to, F/V CONCH'RD; and any other vessel interests (hereinafter "Vessel Interests"), all such acts, omissions, negligence, unseaworthiness, fault, recklessness, lack of due care, and breaches and violations of duties and law being within the privity and knowledge of Vessel Interests.

8. The liability of the United States (if any) to Claimant must be reduced or barred because of the comparative fault, contributory negligence, assumption of risk, unseaworthiness or other tortious conduct of parties, persons or entities different from the United States, or that liability was assumed by parties, persons or entities different from the United States, including but not limited to Aaron Greenberg, Adrian Avena, Daniel Avena, AA Commercial LLC, its officers, agents, servants, employees, vessel, crew, or others for whom it was responsible.

9. The limitation fund established by Petitioner is insufficient and is less than the value of F/V CONCH'RD or its tackle, which Petitioner made no effort to salvage.

10. The negligent conduct of Aaron Greenberg and/or other party persons (or entities), over whom the United States had no control, was the superseding and/or intervening cause of all damages allegedly sustained.

11. The claim is barred or limited by the fellow servant doctrine.

12. The Death on the High Seas Act (DOHSA), 46 U.S.C. §§ 30301 *et seq.* provides Claimant Kimberley Wolfe's exclusive cause of action available as against the United States, preempting any remedy that otherwise might be available under the general maritime law.

13. As against the United States, the doctrine of joint liability with a right of contribution does not apply to damages beyond those recoverable under the Death on the High Seas Act (DOHSA), 46 U.S.C. §§ 30301 *et seq.*, and for any such damages, there is several liability against the decedent's employer only, with no right of contribution.

14. The Third-Party Complaint fails to state a claim upon which relief can be granted.

The United States respectfully requests that the Court enter judgment in its favor and dismiss Daniel J. Avena's claim for contribution or indemnification with prejudice.

**DESIGNATION OF AGENT FOR SERVICE UNDER LOCAL CIVIL RULE 101.1(f)**

In accordance with Local Civil Rule 101.1(f), the undersigned hereby makes the following designation for the receipt of service of all notices or papers in this action at the following address:

> United States Attorney's Office
> District of New Jersey
> Attention: Kristin L. Vassallo
> Assistant U.S. Attorney
> 970 Broad Street, Room 700
> Newark, NJ 07102

//

//

//

//

//

//

Dated: January 28, 2022 Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General
Civil Division

PHILIP R. SELLINGER
United States Attorney

/s/ Thomas M. Brown
THOMAS M. BROWN
JARED H. HOOD
Trial Attorneys
United States Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
175 N Street, NE, 8th Floor
Washington, DC 20002
(202) 616-4112, Thomas.M.Brown@usdoj.gov
(202) 598-1235, Jared.H.Hood@usdoj.gov
Fax: (202) 616-4002
*Attorneys for the United States*

## CERTIFICATE OF SERVICE

I certify that on January 28, 2022, the foregoing was filed using the Court's CM/ECF system, which will send an electronic notice of filing to the following counsel of record:

Brian McEwing
Reeves McEwing LLP
10 Andrews Lane
P.O. Box 599
Dorchester, NJ 08316-0599
609-846-4717
Fax: 609-884-4378
Email: mcewing@lawofsea.com

Mary Reeves
Reeves McEwing LLP
1004 S. Front Street
Philadelphia, PA 19147
267-324-3773
Fax: 267-519-9463
Email: reeves@lawofsea.com

*Attorneys for Adrian Avena and AA Commercial, LLC*

Paul T. Hofmann
Hofmann & Schweitzer
1130 Route 202 South
Suite A7
Raritan, NJ 08869
908-393-5662
Fax: 212-465-8849
Email: paulhofmann@hofmannlawfirm.com

Joseph Fattorusso, II
Hofmann & Schweitzer
212 West 35th St., 12th Fl.
New York City, NY 10001
609-757-2358
Email: joseph@hofmannlawfirm.com

*Attorneys for Kimberly Wolfe*

Michael Louis Testa, SR.
Testa Heck Scrocca & Testa, PA
424 Landis Avenue
P.O. Box 749
Vineland, NJ 08360
(856) 691-2300
Email: mtesta@testalawyers.com

*Attorney for Daniel J. Avena*

                                          */s/ Thomas M. Brown*
                                          THOMAS M. BROWN
                                          Trial Attorney