IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: COMPLAINT OF ADRIAN AVENA AS OWNER AND AA COMMERCIAL, LLC AS OWNER PRO HAC VICE OF THE FISHING VESSEL CONCH'RD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | : : : : : | IN ADMIRALTY  NO. 1:21-cv-00515 |
| ADRIAN AVENA and AA COMMERCIAL, LLC  *Third Party Plaintiffs*  -V- | : : : : | |
| CM HAMMAR AB and REVERE SURVIVAL, INC.  *Third Party Defendants* | : : | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO THE UNITED STATES'
MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

## CONTENTS

I.    THE CASUALTY ...................................................................................................... 1

II.   THE LITIGATION .................................................................................................... 1

III.  SUMMARY OF ARGUMENT ................................................................................. 3

IV.   ARGUMENT ............................................................................................................. 3

   A. The Motion for Judgment on the Pleadings must be treated as a
      Motion for Summary Judgment, and denied as premature ........................... 3

   B. The Motion to Dismiss for lack of subject matter jurisdiction
      Premature should be denied. ............................................................................. 7

V.    CONCLUSION ......................................................................................................... 10

## CITATIONS

*Albinder v. U.S.* ............................................................................................................... 7
   703 F. Supp. 246 (S.D.N.Y. 1987)

*Alston v. Parker* ............................................................................................................... 3
   363 F.3d 229 (3rd Cir. 2004)

*Bunting v. U.S.* ................................................................................................................ 7
   884 F.2d 1143 (9th Cir. 1989)

*Fairholme Funds, Inc. v. U.S.* .......................................................................................
                                                                                                                         6
   114 Fed. Cl. 718 (2014)

*Frank v. U.S.* ................................................................................................................... 6
   250 F2d 178 (3d Cir. 1957)

*Hudson v. McKeesport Police Chief* ............................................................................. 4
   244 Fed. Appx. 519 (3d Cir. 2007)

*Hurd v. U.S.* ............................................................................................................................... 6, 9
    34 Fed. Appx. 77 (4th Cir. 2002)

*Indian Towing Co. v. U.S.* ............................................................................................................ 6
    350 U.S. 61 (1955)

*Kaite v. Altoona Student Transportation, Inc.* ........................................................................... 3
    296 F. Supp. 3d 736 (W.D. Pa. 2017)

*Lane v. U.S.* ................................................................................................................................. 9
    2020 WL 1427419 (D. Mass. 2020)

*Matthews v. U.S.* ........................................................................................................................ 7
    150 F. Supp.2d 406 (E.D.N.Y. 2001)

*McLauglin v. U.S.* ....................................................................................................................... 7
    671 F. Supp 72 (D. Maine 1987)

*Minnesota Lawyers Mut. Ins. Co. v. Ahrens* ............................................................................... 3
    432 Fed. Appx. 143 (3d Cir. 2011)

*Mortensen v. First Federal Savings and Loan Ass'n* .................................................................. 8
    549 F.2d 884 (3d Cir. 1977)

*Patentas v. U.S.* .......................................................................................................................... 6
    687 F.2d 707 (3d Cir. 1982)6

*Poller v. Columbia Broadcasting System, Inc.* ........................................................................... 8
    368 U.S. 464 (1957)

*Reed v. Straniero* .................................................................................................................. 9, 10
    2010 WL 2035887 (D.N.J. May 24, 2010)

*Rodrique v. U.S.* .......................................................................................................................... 7
    788 F. Supp. 49 (D. Mass. 1991) *aff'd* 968 F.2d 1430 (1st Cir. 1992)

*Sagan v. U.S.* .............................................................................................................................. 7
    343 F. 3d 493 (6th Cir. 2003)

*Shuman v. Lauren Kim, Inc.* ....................................................................................................... 3
    2015 WL 1472003 (D.N.J. March 31, 2015)

*Swierkiewicz v. Sorema N.A.* ...........................................................................................................4
    534 U.S. 506 (2002)

*Turner v. U.S.* ............................................................................................................................7, 9
    736 F.3d 274 (4th Cir. 2013)

*U.S. v. Sandra & Dennis Fishing Corp.* .............................................................................................7
    372 F.2d 189 (1st Cir. 1967)

*Ward v. U.S.* ................................................................................................................................10
    471 F.2d 667 (3d Cir. 1973)

**PLAINTIFFS' BRIEF IN OPPOSITION TO THE UNITED STATES'
MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiffs Adrian Avena and AA Commercial, LLC, by and through their attorneys Reeves McEwing LLP, hereby submit the following brief in support of their opposition to the United States' Motions.

## I. THE CASUALTY

When the fishing vessel CONCH'RD capsized on December 3, 2020, off the coast of Cape May, New Jersey, its Emergency Position Indicating Radio Beacon (EPIRB) was activated, and transmitted a distress signal to federal authorities, including the U.S. Coast Guard. The vessel's captain, Adrian Avena, stayed with the vessel and waited for rescue while holding onto the vessel's bow. Despite the Captain's best efforts to convince the only crewmember, Aaron Greenberg, to stay out of the water, Greenberg entered the water several times and ultimately disappeared into the frigid waters and is presumed drowned. Captain Avena was rescued shortly thereafter by good Samaritans who had been alerted to the casualty by Captain Avena's father, Daniel Avena.

## II. THE LITIGATION

On January 11, 2020, Plaintiffs, Adrian Avena and his company, filed this action seeking exoneration from or limitation of their liability for the casualty. Docket No. 1. Although it has

been pending for over one year, this litigation is in its infancy and the pleadings have only recently been closed.[1]

Aaron Greenberg's estate filed a claim against Plaintiffs, and filed a third-party complaint against the U.S. Coast Guard and Daniel Avena. Docket No. 18 and 19. The Estate's (amended) third-party complaint alleged that the EPIRB on the CONCH'RD was registered to another vessel (GOLD RUSH II) owned by Daniel Avena, who failed to 1) properly register it to his son's vessel CONCH'RD and 2) failed to advise the Coast Guard that the EPIRB signal was coming from a different vessel, thus delaying rescue operations. Docket No. 33. It also alleged that the Coast Guard's rescue operations and urgent marine information broadcasts, once undertaken, were negligently performed, thus causing the demise of Greenberg. *Id.*

Thereafter, Plaintiffs filed a cross-claim against the Coast Guard, as well as third party claims against C.M. Hammar AB and Revere Survival, Inc., the manufacturers of liferaft release and the life-raft, respectively, which failed to deploy. Docket No. 27 and 30. Claimant Wolfe followed suit and also amended its third-party complaint to add these defendants. Docket No. 33.

All third-party defendants have now appeared in the action.

Because of the joinder of the various defendants, the initial discovery conference has been postponed until June 3, 2022. Docket No. 54. Accordingly, no discovery has been conducted and thus the United States' Motion is premature.

---

[1] The delay was due to several factors, including the claimant's need to set up an estate and the joinder of several third party defendants.

2

### III.   SUMMARY OF ARGUMENT

The U.S. moves to dismiss the claims against it on two separate grounds. First, the U.S. moves for judgment on the pleadings pursuant to Rule 12(c)[2]. Plaintiffs maintain that this motion must be converted to one for summary judgment under Rule 56, because the motion is replete with detailed facts which have not been admitted, and many of which are disputed by Plaintiffs. Rule 12(d).

The U.S. Motion also seeks dismissal of the claims against it for lack of subject matter jurisdiction pursuant to Rule 12(h)(3).   Plaintiffs will demonstrate that their allegations are sufficient, but if the Court disagrees, hereby seek leave to amend their Third Party Complaint against the U.S.. Such leave must be granted as a matter of course, unless the amendment would be futile. *Shuman v. Lauren Kim, Inc.*, 2015 WL 1472003 at *3 (D.N.J. March 31, 2015) citing *Alston v. Parker*, 363 F.3d 229, 235 (3rd Cir. 2004)

### IV.   ARGUMENT

  A. The Motion for Judgment on the Pleadings must be treated as a Motion for Summary Judgment, and denied as premature

A 12(c) motion for judgment on the pleadings is treated the same as a 12(b)(6) motion for failure to state a claim. *Kaite v. Altoona Student Transportation, Inc.*, 296 F. Supp. 3d 736, 739 (W.D. Pa. 2017); *see also Minnesota Lawyers Mut. Ins. Co. v. Ahrens*, 432 Fed. Appx. 143, 147 (3d Cir. 2011). The only difference between the two is that a 12(b)(6) motion must be filed

---

[2] Throughout its motion, the U.S. refers to the allegations presented in Claimant's Amended Third Party Complaint. Insofar as the Brief defines "Claimants" as both the Petitioners and Kimberly Wolfe, Plaintiffs submit this opposition on their own behalf.

3

before a responsive pleading, and a 12(h) motion can be made after the pleadings are closed. *Id.*

Plaintiffs' claim against the United States is based on 1) the Coast Guard's negligence in communicating incorrect and incomplete information in its Urgent Marine Information Broadcasts (UMIB) to mariners seeking assistance for the CONCH'RD; 2) the Coast Guard's failure to carry out its duties properly once it initiated the rescue; 3) the Coast Guard's failure to follow its own search and rescue policies and procedures[3]; and 4) the fact that the negligence of the Coast Guard worsened the position of Claimant's decedent and ultimately caused his demise.

Plaintiffs have alleged sufficient facts to state a claim against the U.S., and to provide it with fair notice as to the basis of the claims against it. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). A pleading "must simply give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Id.; see also Hudson v. McKeesport Police Chief*, 244 Fed. Appx. 519, 520 (3d Cir. 2007).

Here, Plaintiffs' cross-claim against the U.S. alleges that "[t]he Coast Guard was made aware of the capsizing of the [CONCH'RD][4] almost immediately, by both the EPIRB and Adrian's Avena's father, Daniel J. Avena." ¶3 of Cross-Claim, Docket No. 27. The Claim further alleges that the death of Greenberg was caused, in whole or in part, by the "negligence, malfeasance, miscommunication and/or other breaches of duty by the Coast Guard in connection with its

---

[3] Plaintiffs incorporate by reference the arguments made in the Estate's opposition brief with respect to the Coast Guard Policy Addendum on Search and Rescue.

[4] The preceding ¶31 of Plaintiff's Answer indicates that "Vessel" refers specifically to the F/V CONCH'RD.

4

response to the EPIRB and phone calls by Daniel J. Avena regarding the Vessel and imminent danger to those onboard." *Id*. At ¶4. Further, the averments in the Third Party Complaint of Claimant, incorporated by reference, specifically allege that the inadequate and inaccurate information in the Coast Guard's UMIB was relied on by other mariners in the vicinity, who knew the approximate location of the CONCH'RD and would have come to her crew's rescue if the identity of the vessel had been properly relayed. Docket No. 33 at 48-49.

The detailed recital of times, communications and actions in the U.S. Answer to the Third Party Complaint of Claimant, and in its very Brief in support of this motion, belies the notion that the pleadings were inadequate to place the U.S. on notice of the nature and basis of the claims against it. *See* Docket No. 34 and 58.

The U.S. primary argument seems to be that the pleadings against it fail to specifically allege "the Good Samaritan duty of care," and fail to reference that the risk of harm to decedent was increased by the Coast Guard's actions. Docket 58-1 at pg. 18. While the words "Good Samaritan" do not appear in the pleadings at issue, both Greenberg's Estate and Plaintiffs (by incorporation) allege that there were other fishing vessels in the vicinity who had seen the CONCH'RD shortly before the casualty, knew its approximate location, and would have responded immediately if proper information had been relayed by the Coast Guard. Docket No. 33. These allegations must be accepted as true for the purposes of this motion, and if proven, clearly demonstrate that the Coast Guard voluntarily undertook to initiate rescue operations and send emergency marine broadcasts to mariners, and that its failure to do so in a careful manner caused mariners relying on those broadcasts to "stand down", when they otherwise would have and could have saved the life of Aaron Greenberg. *See generally*,

5

*Indian Towing Co. v. U.S.*, 350 U.S. 61, 69 (1955) [one who undertakes to issue urgent messages thereby inducing reliance must perform his good Samaritan duty in a careful manner]. *See also, Patentas v. U.S.*, 687 F.2d 707 (3d Cir. 1982). "If an attempted rescue *or other voluntary service* is so conducted that it affirmatively injures the one in distress or worsens his position, there may be liability." *Frank v. U.S.*, 250 F2d 178, 180 (3d Cir. 1957) *cert. denied* 366 FU.S. 962. (*emphasis added*). In *Hurd v. U.S.,* the Fourth Circuit affirmed judgment against the Coast Guard for terminating search and rescue efforts too soon, by inducing a private rescuer to cease its search efforts when it learned the Coast Guard had undertaken rescue efforts. 34 Fed. Appx. 77, 84 (4th Cir. 2002). Plaintiffs maintain that after undertaking to issued emergency distress broadcasts to mariners, the U.S. failed to properly identify both the vessel in need and her location.

The resolution of the issues raised in this motion requires findings of fact, and are clearly pre-mature at this stage. As noted, the myriad of facts alleged by the U.S. and Claimant Wolfe must be explored through discovery, which has not even begun. **All evidence of the time, sequence, substance, and result of the Coast Guard's communications with Daniel Avena, its broadcasts and rescue efforts are solely in the hands of the U.S. and/or Daniel Avena,** and Plaintiffs must be permitted an opportunity to discover this evidence and the underlying factual basis for the U.S.' assertions. Claimant Wolfe also alleges very specific and detailed facts, the basis of which is unknown to Plaintiffs at this stage of the litigation. Under such circumstances, this motion must be denied pending a resolution of the material facts. *Fairholme Funds, Inc. v. U.S.*, 114 Fed. Cl. 718, 721 (2014).

To further demonstrate this point, it is important to note that with few exceptions, the cases relied on by the U.S. were either decisions of the District Court after a bench trial, during which the facts were determined, or on summary judgment after the close of discovery. See, e.g., *Turner v. U.S.*, 736 F.3d 274 (4th Cir. 2013) *cert. denied* 573 U.S. 274 (summary judgment); *Sagan v. U.S*, 342 F. 3d 493 (6th Cir. 2003) (summary judgment); *Bunting v. U.S.*, 884 F.2d 1143 (9th Cir. 1989) (trial); *U.S. v. Sandra & Dennis Fishing Corp.*, 372 F.2d 189 (1st Cir. 1967) (trial); *Albinder v. U.S.*, 703 F. Supp. 246 (S.D.N.Y. 1987) (trial)[5].

Interestingly, the U.S. neglects to cite *Rodrique v. U.S.,* which also involved the U.S. failure to rescue a mariner in distress. 788 F. Supp. 49, 52 (D. Mass. 1991) *aff'd* 968 F.2d 1430 (1st Cir. 1992). In that case, the District Court granted the U.S.' motion to dismiss for failure to allege a worsening of the mariner's position, but noted that the plaintiff could have amended his complaint but for a complete bar to recovery under the Military Claims Act. *Id*. Similarly, the *McLaughlin* case (cited by the U.S. here) was dismissed under Rule 12(b)(6), however Plaintiff was given leave to amend his complaint to remedy a pleading deficiency. *McLauglin v. U.S.*, 671 F. Supp 72 (D. Maine 1987).

To the extent that the Court finds that the U.S. duty and/or effect of its negligence are not pleaded with specificity, Plaintiffs seek leave to amend their claims against the United States.

B. <u>The Motion to Dismiss for lack of subject matter jurisdiction premature should be denied</u>

---

[5] It should be noted that once the Coast Guard chooses to undertake a rescue, it must act with reasonable care. See *Matthews v. U.S.*, 150 F. Supp.2d 406, 412 (E.D.N.Y. 2001) *citing Albinder, supra.* and *Kurowsky v. U.S.*, 660 F. Supp. 442 (S.D.N.Y. 1986).

7

Although styled as a motion under 12 (h)(3), the standard for motions to dismiss for lack of subject matter jurisdiction are determined by Rule (12)(b)(1). In evaluating its jurisdiction, the Court must perform a factual evaluation in the same way as would the finder of fact at trial, or as the judge would, in considering summary judgment. *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). This factual evaluation may occur at any stage of the proceedings, or may be deferred until after trial. *Id*. at 892; F.R.C.P. 12(i). If the Court decides to make this determination at this early stage of the proceedings, the Third Circuit has stated that "it is incumbent on the trial judge to demand less in the way of jurisdictional proof than would be appropriate at the trial stage." *Id.* As a general rule, dismissals at the pleading stage should be sparingly granted. *Id*. at 896 *citing Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464 (1957) (discussing standard in an anti-trust case, where the proofs are largely in the hands of the moving party.)

The legal and factual predicates underlying the U.S. jurisdictional motion are identical to those discussed in the motion for judgment on the pleadings, and require an examination of whether the Coast Guard's actions or inactions after undertaking the urgent marine broadcasts and/or commencing rescue operations 1) were negligent and 2) worsened decedent's position or deterred others from going to his aid. Plaintiffs, in their cross-claim and by incorporating the Estate's allegations, have alleged facts which, if proven, provide the basis of the U.S. liability.

In other words, dismissal should not be granted where Plaintiffs allege that " 'the Coast Guard has gotten past the information gathering stage' because it 'had specific reason to believe someone was in danger, and they knew precisely where that danger was located.' "

8

*Turner v. U.S.*, 869 F. Supp.2d 685, 690 (E.D.N.C. 2012), *quoting Hurd,* 34 Fed. Appx at 82. In this case, Plaintiff will show that **before** broadcasts or rescue operations were undertaken, Daniel J. Avena told the Coast Guard that the EPIRB signal was coming from the CONCH'RD, and also gave them the location where his son was fishing before the casualty. The Coast Guard disputes these allegations, and also relies on unproven allegations about the accuracy of initial EPIRB signals which are disputed, and in any event will require expert testimony[6].

It is simply premature for the Court to make any intelligent factual evaluation at this early stage of the litigation, before the parties have had an opportunity to engage in discovery. *Matter of Moore*, 488 F. Supp. 3d 231, 235 (D. Md. 2020) [although Plaintiff has burden of establishing subject matter jurisdiction, "the district court should grant a 12(b)(1) motion 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'"]

Indeed, "where the jurisdictional issues and substantive claims are so 'intertwined' that 'resolution of the jurisdictional question is dependent on factual issues going to the merits', the court applies a summary judgment standard". *Lane v. U.S.,* 2020 WL 1427419 at *4 (D. Mass. 2020) (relying on facts developed in discovery in dismissing claims for lack of jurisdiction). It is hornbook law that summary judgment should rarely be granted in the plaintiff has not been afforded the opportunity to conduct discovery. *Reed v. Straniero*, No. 06–03496, 2010 WL 2035887 at *2 (D.N.J. May 24, 2010). Where the facts about when the Coast Guard had knowledge (through the EPIRB signals or conversations with Daniel J. Avena)

---

[6] A screen shot from NOAA's website indicates that at 1406 local time on December 3, 2020, and <u>the latitude and longitude of the vessel's position was transmitted by the EPIRB</u>. See Exhibit 1. Notably, the same NOAA website is now void of any SARSAT beacon information.

9

of the location of the capsized vessel are in the sole possession of the third-party defendants, Avena and the U.S., the Plaintiffs must be allowed to conduct discovery prior to granting a motion to dismiss. *Ward v. U.S.*, 471 F.2d 667, 669 (3d Cir. 1973).[7]

Finally, Plaintiffs seek leave to amend their cross-claim should the Court find that the pleading does not provide sufficient allegations to support the Court's subject matter jurisdiction over these claims.

## V. CONCLUSION

A resolution of Plaintiffs' Motions require a determination of facts, which would be premature here, where no discovery had been, or could have been undertaken. Plaintiffs have pled sufficient facts to support its causes of action against the United States, and the Court's jurisdiction over this matter. To the extent that this Court disagrees, Plaintiffs seek leave to file an amended cross-claim against the United States.

Respectfully submitted,

REEVES MCEWING, LLP

*/s/Brian McEwing, Esquire*
BRIAN MCEWING, ESQUIRE
10 Andrews Lane, PO Box 599
Dorchester, NJ  08316
Date: April 18, 2022                              Tele: #609-846-4717
mcewing@lawofsea.com
Attorney for Plaintiffs

---

[7] To the extent discovery is in progress or has been concluded, Rule 56(f) describes the procedure by which the non-moving party should seek a continuance of the motion and leave to conduct further discovery. As discovery has not begun in this case, Plaintiffs do not belief that this rule is triggered. *See Reed v. Straniero, supra* at *2. If the Court disagrees, Plaintiff are prepared to submit an affidavit outlining the discovery needed.